IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01145-DME-KMT

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a Colorado Limited Liability Company,

    Plaintiff,

v.

STEELWISE, LLC, a Colorado limited liability company,
HAROLD G. DONAHUE, individually,
TIMOTHY MCKENNA, individually,
DANA BEERS, individually,
SUE BEERS, individually, and
KIRK JARVIS, individually,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Stay Discovery and Pretrial Discovery Deadlines Pending Ruling on Plaintiff's Motion to Consolidate" ("Stay" [Doc. No. 76, filed January, 25, 2008]). Defendants Steelwise, Donahue, and McKenna do not oppose the plaintiff's request. Counsel for Sue and Dana Beers and Kirk Jarvis did not respond to plaintiff's request for position pursuant to Local Rule 7.1(A).

A motion to stay discovery pending determination of a significant issue in a case is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir.1977). In this case, the proceeding at issue is plaintiff's "Motion to Consolidate Actions" ("Mot. Consol." [Doc. No. 74, filed January 18, 2008]). The contested matter is scheduled for hearing before the district court on February 21, 2008.

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983)(*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir. 1971). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.

In this matter, should the court grant the Motion to Consolidate, consideration would necessarily have to be given to extending or modifying pretrial deadlines which may have been established differently for the two matters. If the Motion to Consolidate fails, a short continuance of the discovery deadlines, not the discovery itself, would not unduly prejudice any party.

WHEREFORE, for good cause shown, "Plaintiff's Motion to Stay Discovery and Pretrial

Discovery Deadlines Pending Ruling on Plaintiff's Motion to Consolidate" [Doc. No. 76] is GRANTED in part. The discovery cut-off date is extended to and until March 20, 2008, and the dispositive motion deadline is extended to and until April 20, 2008.

Dated this 11th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge