# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-01145-DME-KMT

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a
Colorado Limited Liability Company,

        Plaintiff,

v.

STEELWISE, LLC, a Colorado Limited Liability
Company, HAROLD G. DONAHUE, individually,
TIMOTHY MCKENNA, individually, DANA BEERS,
Individually, SUE BEERS, individually and KIRK
JARVIS, individually,

        Defendants.

## ~~AMENDED~~ PROTECTIVE ORDER

This cause came before the Court to be heard on February 21, 2008 upon Plaintiff, General Steel's Motion for Protective Order. General Steel has sought a protective order with respect to certain discovery to be exchanged between the parties, including, but not limited to documents described as Schedules 1-4 and Charts A and B to its expert disclosures. The Court has heard argument of counsel for General Steel and Defendants Steelwise and Donahue.[1]

The Court Grants the Motion and Finds and Orders as follows:

---

[1] Counsel for Defendants Beers and Jarvis, Shawn Mitchell, was not in attendance.

*Plaintiff asserts:*

1. Plaintiff, General Steel and Defendants, Steelwise, LLC ("Steelwise") and Harold G. Donahue ("Donahue") are competitors. Prior to forming Steelwise, Donahue was General Steel's Chief Financial Officer. General Steel, Steelwise and Donahue have been involved in state court litigation before the Denver District Court in the matter of *General Steel v. Steelwise, et al.*, case number 04-cv-9181 ("state litigation"). In the state litigation, Special Master William G. Meyer has found that Defendants Steelwise and Donahue have engaged in substantial discovery violations. Special Master Meyer noted the types of documents uncovered on the Steelwise imaged hard drives included General Steel business forms, General Steel architectural drawings with Steelwise and General Steel logos attached, memoranda and e-mails indicating Defendants Steelwise and Donahue's intent to copy various aspects of General Steel's business model.[2] ~~Under these circumstances, therefore,~~ *The Court finds that* detailed financial information of the type present in Schedules 1-3 and Chart B is entitled to greater Attorney's-Eyes-Only ("AEO") protection. *See Netquote, Inc. v. Byrd*, 2007 WL 2438947 (D.Colo. 2007).

2. Plaintiff has agreed to provide Schedule 4 to Defendants without categorization of confidentiality.

3. Plaintiff is entitled to ordinary confidentiality protection for Chart A pursuant to the terms of this Order.

---

[2] Those findings have been orally adopted by Colorado District Court Judge R. Michael Mullins.

4. Plaintiff must provide Schedules 1-3 and Chart B to counsel in this case subject to AEO protection as described more fully below no later than February 27, 2008.

5. Plaintiff shall provide, no later than February 27, 2008, redacted versions of Schedules 1-3 to all Defendants counsel to provide to their clients, and which shall receive confidential protection as described more fully below no later than February 27, 2008.

6. Each of the parties named to the proceedings from whom the production of documents or information is sought in connection with this civil action, may hereafter designate, subject to the terms of this Order, any material produced or disclosed by such party or third party, or any portion of such material, as (a) "Confidential;" or (b) "Restricted Confidential - ATTORNEYS' EYES ONLY" ("AEO"), as those terms are defined in Section 7 below. In addition, any party to this proceeding may designate material produced or disclosed by any other party or third party as "Confidential," or "Restricted Confidential - ATTORNEYS' EYES ONLY", if the designating party has a good faith basis for claiming that such material constitutes confidential information of the designating party and otherwise satisfies the requirements for designation pursuant to this Order.

7. The terms shall have the following meanings:

    a. The "Confidential" designation may be used for material or information that the designating party in good faith contends is confidential and

that, if disclosed, would cause the designating party to suffer economic or other harm.

b.  The "Restricted Confidential - ATTORNEYS' EYES ONLY" designation may be used for competitively sensitive information including, without limitation: trade secrets; competitively or other sensitive confidential business or financial information such as costs, margins, profitability and expenses with respect to any product or feature; design specifications or drawings for products or features, customer lists; know-how; proprietary data; financial information; and confidential contracts or agreements.

8.  For purposes of written or documentary material, a designation pursuant to this Order shall be made by placing the terms (a) "Confidential," or (b) "Restricted Confidential - ATTORNEYS' EYES ONLY" on each and every page of such material. Any material not reduced to documentary, tangible or physical form, which cannot be conveniently designated by placement thereon of the words "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY", may be designated in a writing delivered to all counsel of record that identifies the material and whether it is designated "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY."

9.  With respect to deposition, hearing or trial testimony of any person, such testimony may be designated "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" through an oral designation on the record

after which the designated portion of the transcript shall be treated for all purposes as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" (as the case may be) under this Order.

10. No person may attend a deposition during such time as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" information is disclosed, nor review "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" portions of any deposition transcript (other than the person's own deposition) unless he or she is entitled to receive such information under this Order. Any party seeking the exclusion of any persons from the deposition of any witness must provide not less than fifteen (15) days notice prior to the deposition to every party. Any party seeking to challenge exclusion of any persons from the deposition may file an appropriate motion not less than five (5) days before the scheduled deposition. The deposition will then be postponed awaiting a decision of the Court. Each party shall have five (5) business days after receipt of a draft of a deposition, hearing or trial transcript within which to designate any additional portions of the transcript as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY". No such transcript may be read by or disclosed to anyone other than counsel of record, the Court and the witness during such five-day period.

11. "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material shall be used solely for purposes of this civil action and not for any other purpose or publication whatsoever, whether directly or indirectly,

unless otherwise stipulated by the party or third party who designated such material "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or if authorized by the Court.

12. Except as provided in Paragraph 15, access to "Confidential" material is limited to the following persons, in accordance with the limitations and procedures set forth herein:

   a. Counsel of record in this civil action;

   b. One additional attorney, who need not be counsel of record, for each separately represented party or parties, upon execution by such additional outside attorney of the undertaking in Exhibit A, and compliance with the further requirements of Paragraph 15, below;

   c. Associates, paralegals, secretaries and other personnel regularly employed by the counsel of record and any outside attorneys for the parties to the extent necessary to assist such counsel in the conduct of this action;

   d. Plaintiff's managerial-level employees;

   e. The individual Defendants and the corporate or other entity Defendants' managerial-level employees;

   f. Independent experts, advisers, or consultants retained by any party or its attorneys in connection with the action who have executed the undertaking annexed as Exhibit A, and compliance with the further requirements of Paragraph 15, below;

   g. The Court, if the designated material is filed pursuant to Paragraph 15;

h. Court reporters;

i. Photocopy services, provided that counsel of record for the party utilizing such photocopy services has provided a copy of this Order and instructed such service in the proper handling of documents covered by this Order;

j. Graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action who have executed the undertaking annexed as Exhibit A;

k. Document imaging and database services and consultants retained to set up, maintain and/or operate electronic databases who have executed the undertaking annexed as Exhibit A; and

l. Any other person upon such terms and conditions that the parties may agree or as the Court may hereafter by order direct, who have executed the undertaking annexed as Exhibit A.

13. Except as provided in Paragraphs 15, "Restricted Confidential - ATTORNEYS' EYES ONLY" material may not be disclosed, summarized and described, revealed or otherwise made available in whole or in part to anyone other than those persons identified in Paragraph 12(a) – (c), and 12(f) – (k).

14. Before any disclosure of "Confidential" material to an individual identified in Paragraph 12(b), 12(d) – 12(f) or 12(j) – 8(l), or "Restricted Confidential - ATTORNEYS' EYES ONLY" material to an individual identified in Paragraphs 12(b), 12(d) - 12(f), 12(j) – 12(l), counsel of record for the

receiving party shall require that individual to execute the undertaking annexed as Exhibit A, shall retain such undertaking in its files, and shall comply with the further requirements of Paragraph 15 below, as appropriate.

15. Nothing herein shall be construed to limit or restrict a party from viewing its own "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" information, or from using its "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" information in any way that the party or third party deems appropriate. In any deposition, hearing or trial of this matter, a party may show "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," information of another party or third party to a witness not otherwise entitled to see such information under this Order under the following circumstances only:

   a. Where the witness is the author or recipient of the "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY,"; or

   b. Where the attorney examining the witness has a good faith basis to believe that the witness may have lawfully received the "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material or the information contained therein; or

   c. Where the Court has previously ordered that the witness comply with confidentiality provisions in substantially the same form as Exhibit A attached hereto; or

   d. Where the witness has signed and agreed to Exhibit A.

Except as agreed in writing by counsel of record, to the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of any deposition taken in connection with this Proceeding shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action and a general description of the sealed contents, and shall bear the following statement which shall also appear on the sealed envelope:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

16. This Order shall not prejudice, in any way, any claim or defense or the right of any party or third party: (a) to object to a request for discovery on any ground; (b) to object to the introduction into evidence of any information or documents; (c) to seek additional protective or exclusionary treatment from the Court for any such material or document; (d) to object to the designation of any document or information as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY"; and (e) to seek any modification of or relief from any provision of this Order, either generally or as to any particular material. Acceptance by counsel of record or a party of information marked "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," shall not constitute a concession that the designated information is in fact confidential. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding.

17. Any receiving party may, within twenty-one (21) days of receipt, request that the designating party cancel the "CONFIDENTIAL" or "Restricted Confidential - ATTORNEYS' EYES ONLY," designation with respect to any documents, object or information. Such request shall be written, shall

be served on counsel for the designating party, and shall identify the designated confidential or "Restricted Confidential - ATTORNEYS' EYES ONLY," information that the receiving party contends is not confidential or "Restricted Confidential - ATTORNEYS' EYES ONLY", and the reasons supporting its contentions. If the designating party does not agree that the documents or information should no longer be considered to be confidential or "Restricted Confidential - ATTORNEYS' EYES ONLY," under this Order, then the designating and requesting parties shall confer in a good faith effort to resolve the dispute. If, after timely notice and conference, the parties fail to resolve their dispute, the party contending for such non-confidentiality ("the requesting party") may file a motion with the Court to be relieved of the limitations of this Order with respect to the document or information in question. If the Court grants the requesting party's motion in whole or in part, such ruling shall not take effect until ten (10) court days after it is made. The requesting party shall not make any disclosure of the designated information that is the subject of the motion while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending. The party asserting the claim to "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," material shall have the burden of establishing it as such.

18. Inadvertent or unintentional omission to designate any document, deposition testimony or other information "Confidential" or "Restricted

Confidential - ATTORNEYS' EYES ONLY," shall not prejudice any claim that such documents, deposition testimony or other information is "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" and no party or third party shall be held to have waived any rights of confidentiality by such inadvertent or unintentional omission; provided, however that there shall be no liability by the receiving party or its counsel for disclosure of such allegedly "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" document or other information during the time that it did not know that a claim of confidentiality would be made by the producing party or third party. Inadvertent failure to designate any material as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" can be cured by forwarding to counsel for the receiving party a detailed description of the materials considered to be "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" as soon as practicable, but no later than twenty-one (21) days, after discovery of the inadvertent or unintentional disclosure. Following any re-designation, the receiving party shall take reasonable steps to comply with the re-designation including, to the extent possible, requesting the return of all copies and excerpts of any re-designated material from persons not entitled to receive it, but such receiving party shall have no liability for the consequences of any disclosure that occurred prior to the re-designation or its inability, after good faith effort, to retrieve materials following the re-designation.

19. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" information if such disclosure would be contrary to the terms of this Order.

20. This Order may only be amended by written order of the Court, for good cause shown.

21. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

22. Within 90 days after the disposition of this civil action, whether through final judgment or otherwise, including all appeals, counsel and any person authorized by this Order to receive "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material shall return such material to counsel for the producing party or third party or, at the option of the party in possession of such material, shall provide certification that such material has been destroyed. Such material shall consist of all originals, copies, and other writings, except work product privileged materials, containing or referring to any "Confidential" or "Restricted

Confidential - ATTORNEYS' EYES ONLY" material. However, the attorneys of record shall be entitled to retain documents filed with the Court, memoranda, declarations or affidavits, written responses to discovery requests, deposition transcripts and work product privileged documents that contain or refer to any "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material to the extent necessary to preserve a litigation file in this case. "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material in such litigation file may be disclosed only to counsel of record and their staff, and only in accordance with the terms of this Order.

23. The terms of this Order shall survive and remain in full force and effect after the termination of this civil action and the Court shall retain jurisdiction over the parties and all other persons who have received or produced material for the purpose of enforcing the terms of this Order.

SO ORDERED this _____ day of _____, 2008. *Nunc pro tunc to February 27, 2008*

_____
United States Magistrate Judge