IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**JUDGE DAVID M. EBEL**

Civil Action No.: 07-cv-01145-DME-KMT

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a Colorado Limited Liability Company,

      Plaintiff,

v.

STEELWISE, LLC, a Colorado Limited Liability Company,
HAROLD G. DONAHUE, individually,
TIMOTHY MCKENNA, individually,
DANA BEERS, individually,
SUE BEERS, individually, and
KIRK JARVIS, individually.

      Defendants.

and

---

Civil Action No. 07-cv-02170-DME-KMT)

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a Colorado Limited Liability Company,

      Plaintiff,

v.

DENVER BOULDER BETTER BUSINESS BUREAU, et. al.

      Defendants.

---

## ORDER

---

      Now before the Court is the motion for a stay pursuant to the Colorado River

doctrine[1] filed by defendants Denver Boulder Better Business Bureau (a/ka/

Denver/Boulder Better Business Bureau), Jean Herman, Matthew Fehling, Carrie King

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

Rossman, Joe Toscano, Tony King, Hope Marie Dunlavey, Darrel Vessels, Mark Renn, Larry Dudman, Geta Asfaw, Bowen Banbury, Dwight Brown, Janice Campbell, Joe Conrad, Barbara Grimm, Breckenridge Grover, Mark Johnson, Jerald Kaiser, Donlee Lane, Tamela Lee, Jeff Metz, Dean Pisciotta, Jon Robinson, Steven Salter, David Smith, Bill Stevenson, Toti Cadavid, Suzanne Shaw, Judith Spires, Deborah Wiest, Darrel Brown, Steve Budnack, Bob Naish, Ressie Pate, Craig Reynolds, Jon Robinson, Steven Salter, Allan Service, and Council of Better Business Bureaus, Inc. (collectively, the "BBB defendants") and joined by defendants Gannett Co. and Chip Yost (collectively, the "Gannett defendants").  Plaintiff General Steel Domestic Sales d/b/a General Steel Corp. ("General Steel") and the BBB defendants fully briefed the issue before Judge Lawrence Karlton of the Eastern District of California; since the transfer of venue to the District of Colorado, they have submitted lists of supplemental authorities. Based on the briefing and the Notice of Advisement of Status of State Court Action filed by General Steel, the Court **DENIES** the motion for a stay.

I.    BACKGROUND

Plaintiff General Steel sells pre-manufactured steel buildings that can be used for everything from storage containers to gymnasiums to churches.  Jeffrey Knight founded General Steel in 1995 and remains the company's Chief Executive Officer.  The BBB defendants include past and present employees and board members of the Denver/Boulder Better Business Bureau, in addition to the entity itself and the Council of Better Business Bureaus, Inc., of which the Denver/Boulder BBB is a member.  The

Gannett defendants include a television station and a former reporter for that station, Chip Yost.

General Steel has been in the midst of a maelstrom of litigation since 2003, when the Colorado Attorney General and the Sacramento District Attorney began investigating it for various alleged violations of the Colorado Consumer Protection Act ("CCPA") and California consumer protection laws, respectively. In response to the Colorado Attorney General's enforcement action that arose out of the investigation, General Steel sued numerous parties in numerous fora, alleging that these myriad individuals and entities conspired together to create the false impression that General Steel was violating consumer protection laws, engaging in unfair business practices, and advertising illegally. See Order, General Steel Domestic Sales, L.L.C. v. Suthers ("March 2 Order"), No. Civ. S-06-411 LKK/KJM, at 2-3 (E.D. Cal. Mar. 2, 2007). General Steel initiated its first round of suits in Colorado state court, proceeding on various state tort and contract theories.

General Steel then filed a complaint on February 26, 2006, in the U.S. District Court for the Eastern District of California. In this complaint, General Steel alleged that some sixty defendants[2] (1) conspired together in violation of the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, to ruin General

---

[2]The list included individual employees of the Colorado Attorney General's Office, the Sacramento District Attorney's Office, and the New Mexico Attorney General's Office; past and present employees and directors of the BBB; Gannett Co. TV station and its employee Chip Yost, a reporter; Steelwise LLC and individual employees of Steelwise (collectively, the "Steelwise defendants"); and General Steel customers Dana Beers, Sue Beers, and Kirk Jarvis (collectively, the "Nebraska defendants").

Steel's business by precipitating government prosecution of General Steel for consumer law violations, and (2) violated General Steel's civil rights under 42 U.S.C. § 1983. On April 21, 2006, certain of those defendants moved to dismiss for lack of personal jurisdiction, while the BBB defendants sought a stay of the federal proceedings under the <u>Younger v. Harris</u> abstention doctrine[3] and, alternatively, the <u>Colorado River</u> doctrine.

When the BBB defendants first moved for a stay of the federal suit pursuant to <u>Younger</u> and, alternatively, pursuant to <u>Colorado River</u>, the key cases in the state courts were:

- <u>General Steel Domestic Sales, L.L.C. v. Denver/Boulder Better Business Bureau, Jean Herman and Matt Fehling</u> ("Colorado BBB action"), Jefferson County Colorado District Court, Case No. 2004-CV-155 (filed January 16, 2004);

- <u>State of Colorado v. General Steel Domestic Sales, L.L.C.</u> ("Colorado AG action"), Jefferson County Colorado District Court, Case No. 2004-CV-143 (filed January 16, 2004) (an enforcement action brought against General Steel for violations of Colorado's Consumer Protection Act);

- <u>General Steel Domestic Sales, L.L.C. v. Harold Donahue and Steelwise, Inc.</u> ("Colorado Steelwise action"), Denver County Colorado District Court, Case No. 2004-CV-9181 (filed November 5, 2004) (an action brought against a former employee of General Steel and the competing business that former employee founded); and

- <u>State of California v. General Steel Domestic Sales, L.L.C.</u> ("Sacramento DA action"), Sacramento California Superior Court Case No. 05AS3689 (filed August 22, 2005) (an enforcement against brought by the Sacramento County District Attorney against General Steel for violations of California's unfair business practices and consumer protection laws).

---

[3]<u>Younger v. Harris</u>, 401 U.S. 37 (1971).

The Eastern District of California originally granted the BBB defendants' motion for a stay based on the Younger abstention doctrine while the Colorado AG action, the Sacramento DA action, and the Colorado state court actions brought by General Steel transpired. See March 2 Order, at 19-27. Simultaneously, the court dismissed General Steel's claims against the Steelwise defendants and the Nebraska defendants for lack of personal jurisdiction. Id. at 6-7. General Steel reinitiated its claims against those defendants in the District of Colorado.

After the Colorado AG action and the Sacramento DA action settled, the Eastern District of California lifted the Younger-based stay, opted not to rule on the Colorado River question, and transferred the case to the District of Colorado pursuant to 28 U.S.C. § 1404. See General Steel Domestic Sales, L.L.C. v. Suthers, No. Civ. S-06-411 LKK/KJM, at 7-8 (E.D. Cal. Oct. 10, 2007). This Court consolidated the BBB case with one pending before it: General Steel Domestic Sales, L.L.C. v. Steelwise, No. 07-cv-001145-DME, in which General Steel had sued the entities and individuals whom the Eastern District of California had dismissed for lack of personal jurisdiction.

While both the Colorado AG action and the Sacramento DA action have settled[4] since the BBB defendants originally sought a Colorado River stay, the Colorado BBB case was set for a three-week jury trial beginning April 21, 2008. In preparation for that

_____

[4]The Colorado AG action and the Sacramento DA action settled early in 2007, resulting in the entry of consent decrees in January 2007 (the Sacramento action) and March 2007 (the Colorado action). As part of the Colorado settlement, General Steel agreed to (1) abide by the terms of an injunction governing its sales and advertising practices (as originally handed down by Judge R. Brooke Jackson in his December 7, 2004 Order), and (2) pay some $4.5 million in restitution to consumers. General Steel also agreed to dismiss its claims in the federal court against the Colorado AG and its employees and the Sacramento DA and its employees.

trial, the parties have conducted extensive discovery, including 32 depositions and thousands of pages of documentary discovery and expert reports. However, General Steel moved to dismiss the Colorado BBB action without prejudice on February 25, 2008. See General Steel v. Steelwise, No. 07-cv-001145, Dkt. 107 at 2 (D. Colo. March 12, 2008). The Colorado district court granted that motion on March 12, 2008, concluding that the dismissal would not prejudice the defendants and that the work product prepared in that case would prove useful in the litigation pending before this court. Id. at Exh. 1. Meanwhile, it seems, the Colorado Steelwise action continues to move forward, albeit haltingly.

## II. DISCUSSION

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River, 424 U.S. at 817. However, in certain "exceptional circumstances," id. at 813, the federal district courts may stay a case in deference to parallel state proceedings. This decision is driven by "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817.

At the threshold, the Court must first determine whether the state and federal proceedings are parallel. Fox v. Maulding, 16 F.3d 1079, 1081, 1082 (10th Cir. 1994). If they are not, this Court must exercise its jurisdiction. Allen v. Board of Educ., Unified Sch. Dist. 436, 68 F.3d 401, 403 (10th Cir. 1995). If they are parallel, this Court must

continue on to determine whether "exceptional circumstances" compel it to defer to the state proceedings.  Id.

**A. Whether the Proceedings are Parallel**

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  Fox, 16 F.3d at 1081.  In making this determination, the Court assesses the state proceedings "as they actually exist," not as they hypothetically "could have been brought."  Id.  Moreover, the Court need not conclude that there is "formal symmetry between the two actions."  Tyler v. City of South Beloit, 456 F.3d 744, 752 (7th Cir. 2006).  Rather, the proceedings are sufficiently parallel if "the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues."  Id.; see also Vulcan Chem Techs., Inc. v. Barker, 297 F.3d 332, 341 (4th Cir. 2002) (suits are similar when the federal court is required to "consider . . . the same evidence and arguments" as the state court would have to consider); Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1329-30 (11th Cir. 2004) (rejecting argument that Colorado River "abstention" is permissible only when the relevant federal and state cases "share identical parties, issues, and requests for relief").

In light of the dismissal of the Colorado BBB action, the proceedings are patently not parallel as they "actually exist" now.  Although the Colorado Steelwise action continues on,[5] there is no question that "substantially the same parties" are no longer

_____

[5] It is worth noting that only the BBB defendants – joined by the Gannett defendants – have formally moved for a stay.  Moreover, they did so prior to the consolidation of the 07-cv-2170 case with the lead case, 07-cv-1145.  As such, they did not explicitly argue that the Colorado Steelwise action supports their position that the state and federal actions are parallel.  In fact, the Colorado Steelwise decision has been all but ignored in the briefing before this court.

proceeding in both the state and federal courts.  As such, this court need not venture past the first prong of the <u>Colorado River</u> inquiry.  The court must deny the BBB defendants' motion for a stay.


**III.   CONCLUSION**

Mindful of the requirement that to "stay [a case] under <u>Colorado River</u>, [the Court] presumably [must] conclude[] that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," <u>Moses H. Cone Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 28 (1982), the court **DENIES** the BBB defendants' motion for a stay pursuant to the <u>Colorado River</u> doctrine.

In addition, the Court **ORDERS** that the caption of this case be amended to reflect the termination of the Colorado AG parties (John W. Suthers, Kenneth Salazar, Jan M. Zavislan, Maria E. Berkenkotter, Jay Simonson, Andrew P. McCallin, Mike Langley, and Brian L. Laughlin) and the Sacramento DA parties (Jan Sculley, Justin Puerta, and Lance McHenry) as of June 6, 2007.


DATED THIS  11th  day of    April   , 2008.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
Circuit Court Judge