IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**JUDGE DAVID M. EBEL**

Civil Action No. 07-cv-01145-DME-KMT

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a Colorado Limited Liability Company,

    Plaintiff,

v.

STEELWISE, LLC, a Colorado Limited Liability Company,
HAROLD G. DONAHUE, individually,
TIMOTHY MCKENNA, individually,
DANA BEERS, individually,
SUE BEERS, individually, and
KIRK JARVIS, individually.

    Defendants.

and

---

Civil Action No. 07-cv-02170-DME-KMT

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a Colorado Limited Liability Company,

    Plaintiff,

v.

DENVER BOULDER BETTER BUSINESS BUREAU, et. al.

    Defendants.

---

## ORDER

---

Now before the Court is a motion filed by Plaintiff General Steel Domestic Sales d/b/a General Steel Corp. ("General Steel") for leave to amend the caption and to file a second amended complaint. General Steel seeks to add one defendant, Adam Schrager, and to add a host of state law claims against various named defendants.

Defendants Denver Boulder Better Business Bureau (a/ka/ Denver/Boulder Better Business Bureau), Jean Herman, Matthew Fehling, Carrie King Rossman, Joe Toscano, Tony King, Hope Marie Dunlavey, Darrel Vessels, Mark Renn, Larry Dudman, Geta Asfaw, Bowen Banbury, Dwight Brown, Janice Campbell, Joe Conrad, Barbara Grimm, Breckenridge Grover, Mark Johnson, Jerald Kaiser, Donlee Lane, Tamela Lee, Jeff Metz, Dean Pisciotta, Jon Robinson, Steven Salter, David Smith, Bill Stevenson, Toti Cadavid, Suzanne Shaw, Judith Spires, Deborah Wiest, Darrel Brown, Steve Budnack, Bob Naish, Ressie Pate, Craig Reynolds, Jon Robinson, Steven Salter, Allan Service, and Council of Better Business Bureaus, Inc. (collectively, the "BBB defendants") have filed a brief opposing the motion for leave to amend the complaint, in which they were joined by defendants Gannett Co. and Chip Yost (collectively, the "Gannett defendants"). The Gannett defendants also filed a separate brief, arguing that amending the complaint to add Schrager as a defendant and to add state law claims against the would be futile. Based on the briefing, the Court takes under advisement the motion for leave to amend the caption and **DENIES** the motion for leave to file the second amended complaint in its current state. The Court counsels General Steel to file, if it so chooses, an amended complaint complying with the mandate of Federal Rule of Civil Procedure 8 within 30 days of the entry of this order.

I. **BACKGROUND**

Plaintiff General Steel sells pre-manufactured steel buildings. General Steel has been embroiled in litigation since 2004; the litigation stems from allegations made against General Steel that it engaged in deceptive marketing and sales practices. In the present consolidated cases, General Steel has sued numerous defendants that it

2

alleges acted together to conjure up false claims of General Steel's purported deceptive marketing and sales tactics. General Steel alleges that the defendants conspired together, along with the Colorado Attorney General's Office, to create the false impression that General Steel was violating consumer protection laws, engaging in unfair business practices, and advertising illegally. See Order, General Steel Domestic Sales, L.L.C. v. Suthers ("March 2 Order"), No. Civ. S-06-411 LKK/KJM, at 2-3 (E.D. Cal. Mar. 2, 2007).

General Steel filed its original complaint in No. 07-cv-02170 in the Eastern District of California on February 26, 2006. It filed an amended complaint in that action nearly a year later. General Steel filed its original complaint in No. 07-cv-001145 on May 31, 2007. General Steel now seeks the Court's leave, pursuant to Federal Rule of Civil Procedure 15(a), to file a proposed second amended complaint ("PSAC") that would combine the allegations in the two currently operative complaints, add one defendant, and add a series of Colorado state law claims.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 states that, after the period for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). More specifically,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

3

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).  Of course, this court retains the discretion to permit such amendments.  Id. at 182; Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990).  "[A]s a general rule," though, this court must delineate its rationale if it refuses a motion to amend.  Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

Here, the BBB defendants, joined by the Gannett defendants, counsel that this court should deny the motion to amend because the PSAC is so prolix as to violate Federal Rule of Civil Procedure 8.  The Gannett defendants also argue that amending the complaint to (1) add Schrager as a defendant and (2) add state law claims against the Gannett defendants would be futile.

**A. The Rule 8 Argument**

By rule, "[a] pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Moreover, "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The Rule thereby "require[s] plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

In that spirit, a titular complaint that lacks "simplicity, conciseness and clarity" but is larded with "evidentiary detail . . . fails to perform the essential functions of a complaint."  Id. (quoting McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996)).  The complaint is not the proper document for the plaintiff to adduce all of the evidence or to argue fully the claims.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002).

4

The BBB defendants, joined by the Gannett defendants, argue that the PSAC is "replete with pleading of evidence, evidentiary argument, legal argument, protracted characterizations of documents, redundancy, and prolixity." (Dkt. 120 at 2.) As such, they claim the PSAC fails Rule 8's mandate. General Steel responds that Rule 8 is an improper ground for denying a Rule 15(a) motion and that, in any case, the PSAC does not contain any unnecessary detail.

As to General Steel's first argument, Foman delineates the reasons to deny a Rule 15(a) motion, but adds "etc." to the end of that list. See Foman, 371 U.S. at 182. And Rule 15(a) itself focuses on whether "justice" would require the court to accept an amendment. Fed. R. Civ. P. 15(a)(2); cf. Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006). Rule 8 sounds in notice, cf. Bell Atlantic Corp., ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007), and fair notice is critical to a just disposition. Cf. Minter, 451 F.3d at 1208. Thus, the Court concludes that Rule 8 is a legitimate ground to protest a proposal to amend the complaint.

Moreover, the Court agrees that passages of the PSAC delve into superfluous factual detail and argument. For example, the PSAC delves into the entirely irrelevant legal situations of Defendants Dana Beers and Kirk Jarvis. (See PSAC ¶¶ 60-61.) In addition, the PSAC levels irrelevant allegations that the Denver/Boulder Better Business Bureau's Education Foundation has sheltered taxable revenue. (Id. ¶¶ 173-78.) The PSAC is also replete with unnecessarily detailed accounts of various documents, including depositions and court orders. (See, e.g., id. ¶ 223 (Carol Walsh deposition); id. ¶¶ 244-48 (Stephanie Kazmierski deposition); id. ¶¶ 298-301 (Dec. 7, 2004 Judgment of Colorado State District Court).) More problematic is General Steel's

5

selective quotation of some of those documents in ways that tends to obfuscate the substance of the information contained therein.  Lastly, although General Steel alleges that the Colorado AG's Office is the main governmental conspirator, the PSAC is larded with allegations against the Sacramento District Attorney's Office and the New Mexico Attorney General's Office; neither entity is named as a defendant.  (See PSAC ¶¶ 341-51, 428-30, 492-524.)

The Court recognizes that (1) General Steel has alleged multiple, complex conspiracies; (2) General Steel is bound to allege fraud with particularity under Federal Rule of Civil Procedure 9(b); and (3) a pleading may properly contain background information.  However, the Court cannot conclude that the bloated PSAC offered by General Steel complies with Rule 8.  The PSAC contains far too much superfluous information and thereby muddies the factual bases underlying General Steel's claims for relief.  "It [is] not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading."  Mann, 477 F.3d at 1148.  Similarly, it is not the defendants' job to hypothesize as to what factual allegations are related to any particular claim for relief.

The Court recognizes the utility of consolidating the two currently operative complaints; but the Court is compelled to deny General Steel's motion for leave to amend until General Steel winnows down its extremely prolix PSAC so that it complies with Rule 8.[1]

---

[1]The Court also reminds counsel for General Steel of their duty to comply with Federal Rule of Civil Procedure 11, as well.

**B. The Futility Argument**

This court "is not required to grant leave to amend . . . if amendment would be futile." Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1178, 1188 (10th Cir. 2008). If the amended complaint "would be subject to dismissal," it is futile. Id. (quotation omitted). Given the Court's holding discussed above, it need not delve into the futility argument in any great detail. However, the Court will note that the Gannett Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.

### III. CONCLUSION

For the reasons explained above, the court **DENIES** General Steel's motion for leave to file the second amended complaint and takes under advisement General Steel's motion to amend the caption. Should General Steel decide to pare substantially the PSAC and resubmit it, the Court directs that General Steel do so within 30 days of this order.

DATED THIS  20th  day of      June      , 2008.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
Circuit Court Judge