IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01145-DME-KMT

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a Colorado Limited Liability Company,

    Plaintiff,

v.

STEELWISE, LLC, a Colorado limited liability company,
HAROLD G. DONAHUE, individually,
DANA BEERS, individually,
SUE BEERS, individually, and
KIRK JARVIS, individually,
ADAM SCHRAGER, individually,

    Defendants,

and

GETA ASFAW, an individual
BOWEN BANBURY, an individual
DARREL BROWN, an individual
TOTI CADAVID, an individual
JANICE CAMPBELL, an individual
JOE CONRAD, an individual
COUNCIL OF BETTER BUSINESS BUREAUS, INC., a Delaware corporation,
DENVER BOULDER BETTER BUSINESS BUREAU, a business membership organization,
LARRY DUDMAN, an individual
HOPE MARIE DUNLAVEY, an individual
MATTHEW FEHLING,
GANNETT, CO., INC.,
BARBARA GRIMM, an individual,
BRECKENRIDGE GROVER, an individual,
JEAN HERMANN, an individual,
KENNETH J. HUNTER, an individual,
MARK JOHNSON, an individual,
JERALD KAISER, an individual,

TONY KING, an individual,
DONLEE LANE, an individual,
TAMELA LEE, an individual,
JEFF METZ, an individual,
ROB NAISH, an individual,
DEAN PISCIOTTA, an individual,
MARK RENN, an individual,
CRAIG REYNOLDS, an individual,
JON ROBINSON, an individual,
CARRIE KING ROSSMAN, an individual,
STEVEN SALTER, an individual,
BILL STEVENSON, an individual,
JOE TOSCANO, an individual,
CHIP YOST, an individual,

    Consolidated Defendants.

# ORDER

This matter is before the court on "Defendants Gannett Co., Inc.'s, Chip Yost's and Adam Schrager's Motion Pursuant to Fed. R. Civ. P. 26(c)(1) and D.C.COLO.LCivR 30.2B (1) for Protective Order and to Stay Effect of Magistrate Judge's Order Dated November 26, 2008 [Doc. # 223] Pending Fed. R. Civ. P. 72(a) Review by the District Court Judge and (2) for Protective Order re Depositions" [Doc. No. 227, filed December 3, 2008] and on "Plaintiff's Motion to Compel Discovery From the 9 News Defendants" [Doc. No. 228, filed December 5, 2008].

## *Issue*

Both motions arose after this court entered an Order refusing to stay discovery until after a ruling on Gannett Co., Inc.'s, Chip Yost's and Adam Schrager's (9 News defendants) Motion

2

to Dismiss[1].  *See* Order dated November 26, 2008 ("November Order")[Doc. No. 223].  The 9 News defendants have filed objections to my November Order pursuant to Fed. R. Civ. P. 72(a) [Doc. No. 236].  The 9 News defendants argue that my November Order has been stayed by virtue of the filing of this motion for stay and for protective order pursuant to D.C.COLO.LCivR 30.2A and Fed. R. Civ. P. 26(c)(1).  The plaintiff argues the November Order has not been stayed and that the defendants are in non-compliance with the Order pursuant to D.C.COLO.LCivR 30.2B.  The issue at the core of both pending motions is whether newly enacted D.C.COLO.LCivR 30.2B, which generally provides that the filing of an appeal of a Magistrate Judge's order does not stay the discovery to which the Order is directed, can be eviscerated by simply captioning a motion for stay as a protective order.

Both motions have been briefed by the parties and are ripe for review.

*Analysis*

*Local Rule 30.2B*

D.C.COLO.L.CivR 30.2B provides:

The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed. Any stay of the magistrate judge's order must be sought **and obtained** separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion will be supported by good cause.  (emphasis added).

Local Rule 30.2B came into effect on January 1, 2008, however its underlying principle has been recognized and upheld in numerous earlier decisions.  *See Greystone Const., Inc. v. National Fire & Marine Ins. Co.* 2008 WL 795815, *4 (D. Colo. 2008)(collecting cases).

---

[1] Motions to Dismiss are also pending as to other named defendants in this consolidated case.

Magistrate Judge Boland noted in *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D.Colo. 2001), for example, that if stays of Magistrate Judge discovery orders pending District Court review were the normal course of business, "parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial . . ." *See e.g.*, *Tolliver v. True*, 2007 WL 1306459, *2 (D.Colo.2007). To guard against that occurrence, the Rule provides there will be no stay of the Magistrate Judge's discovery order unless the Magistrate Judge or the District Court Judge <u>grants</u> a new motion for stay of the order. The granting of the motion, fulfilling the requirement to 'obtain' a stay, is the definitive determination that the motion had, indeed, been supported by good cause as required.

The 9 News defendants argue that since they have captioned their motion as one for a protective order under Fed. R. Civ. P. 26(c)(1) as well as a stay, the provisions of Local Rule 30.2A should predominate over the express prohibition of an automatic stay contained in Local Rule 30.2B. Recognized rules governing the interpretation of statutes and contracts suggest that a local rule, just like a statute, should be "reconciled and given consistent, harmonious, and sensible effect if that can be done." *Phipps v. Commissioner of Internal Revenue,* 91 f.2d 627, 629 (10th Cir.1937) (dealing with a taxing statute). Courts generally interpret statutory language to reach a reasonable result consistent with the lawmaking or rulemaking body's intent and to give harmonious effect to all of the statute's or rule's parts. *See, i.e., Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (A court must interpret the statute as a symmetrical and coherent regulatory scheme); *Echo Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1078 (10th Cir. 2001). If this District's Local Rule 30.2B can be completely disemboweled by simply calling the motion for stay which is specifically

provided for in Rule 30.2B, a Fed. R. Civ. P Rule 26 motion for protective order, then Rule 30.2B would have no meaning or effect at all.

Further, it is disingenuous for a party to ask for a protective order to protect it from compliance with that court's previous order. Rule 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R.Civ. P. 26(c)(1). This language does not suggest that a protective order is designed to protect a party from compliance with a court order which has already considered and rejected these very arguments.

Additionally, the burden of proof in a Rule 72(a) objection to the District Court also should be considered. The Rule provides "The district judge in the case must consider timely objections [to the Magistrate Judge's order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. " *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Given such a high burden, stays of a Magistrate Judge's order pending District Court review must be the exception and not the rule.

I conclude, therefore, that when a party has filed an objection to a Magistrate Judge's ruling pursuant to Fed. R. Civ. P. 72(a), there is no stay of the Magistrate Judge's challenged order unless and until either the Magistrate Judge or the District Judge grants a separate motion requesting a stay for good cause shown. Filing a motion for protective order as well is inappropriate and will not cause the motion for stay to be treated pursuant to Local Rule 30.2A.

5

### 9 News Defendants' Request for Stay Pending Rule 72(a) Review

Similar to the situation in *Greystone*, *supra,* the 9 News Defendants are now asking for the very thing considered by this court in the November Order – a stay from compliance with discovery demands. Like Magistrate Judge Shaffer, I too must find that "the 'good cause' standard turns, in large part, upon the merits of the original objections or discovery response." *Greystone* at *4.

Although the defendants' request for stay is keyed to a different triggering event, i.e., to the court's ruling on their objections to the November Order as opposed to a ruling on the defendants' motion to dismiss, the relevant factors to be considered are largely unchanged. *See String Cheese Incident, LLC v. Stylus Shows, Inc*., 2006 WL 894955, *2 (D. Colo. 2006) (in order to evaluate a motion for stay, the court "may weigh the following interests: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.") *See also*, *Smith-Bey v. Reid*, 2008 WL 5216247, *2 (D. Colo. December 11, 2008) (Magistrate Judge found in favor of a stay in case before Judge Ebel when the pending motion to dismiss was premised on qualified immunity grounds).

In my 18 page November Order, I carefully weighed all the factors pertinent to the advisability of a discovery stay, including probability of success on the motion to dismiss and whether, if successful, the motion would resolve the entire case against the defendants, as well as the First Amendment concerns and the newspaper persons' privilege. After so weighing the factors, I found that although the 9 News Defendants set forth reasoned arguments supporting

their request for a stay pending a ruling on their motion to dismiss, **on balance** a stay was not warranted.

Recently Magistrate Judge Boland further discussed the issue of delay in connection with stays granted pending the outcome of various motions pending before Article III courts. *See Reed v. Alcon Laboratories, Inc.*, 2008 WL 5096053, *1 (D. Colo. November 20, 2008). He stated,

> The average time from the filing of a dispositive motion to its determination in this district in 2007 was 6.7 months. Consequently, staying the case while defendants' motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences.
> . . .
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

*Id*. (citing Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. Pa. L.Rev. 503, 528 (2006)). When considering the request for stay before him, Magistrate Judge Boland also refused to "forecast the district judge's ruling on the motion to dismiss" but nevertheless concluded "it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary." *Id.* In considering the 9 News defendants' current motion for stay, it is even more statistically unlikely the defendants will prevail on their Rule 72 objections simply based on the significant burden faced by any party challenging a Magistrate Judge's discovery ruling.

I understand the 9 News defendants' desire to avoid discovery obligations in this case because they believe they will prevail on their motion to dismiss. In my November Order, I concluded after considering the arguments of the parties and after balancing all the factors that the burdens associated with a stay were not acceptable. Conditions have not significantly

changed in the period between the entry of my November Order and the present. Therefore, the balance of all the applicable factors continues to weigh against a stay of discovery pending ruling on the 9 News Defendants motions.

Until my decision is reversed by Judge Ebel, if it is, the 9 News defendants must comply with my orders.

It is **ORDERED**:

1. Defendants Gannett Co., Inc.'s, Chip Yost's and Adam Schrager's Motion Pursuant to Fed. R. Civ. P. 26(c)(1) and D.C.COLO.LCivR 30.2B (1) for Protective Order and to Stay Effect of Magistrate Judge's Order Dated November 26, 2008 Pending Fed. R. Civ. P. 72(a) Review by the District Court Judge and (2) for Protective Order re Depositions [Doc. No. 227] is **DENIED**;

2. Plaintiff's Motion to Compel Discovery From the 9 News Defendants [Doc. No. 228] is **GRANTED** in part. Defendants Gannett Co., Inc., Chip Yost and Adam Schrager will respond to plaintiff's outstanding written discovery requests on or before January 15, 2009;

3. Plaintiff's request for sanctions with respect to their motion to compel [Doc. No. 228] is **DENIED**.

Dated this 5th day of January, 2009.

                                                 **BY THE COURT:**

                                                 Kathleen M. Tafoya
                                                 United States Magistrate Judge