**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:07-cv-01145-DME-KMT
(Consolidated with Case No. 07-cv-02170)

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION, a
Colorado limited liability company,

      Plaintiff,

v.

DENVER/BOULDER BETTER BUSINESS BUREAU,
a business membership organization, *et al.,*

      Defendants.

---

**ORDER ON DEFENDANTS BEERS/JARVIS' AMENDED MOTION FOR
AWARD OF ATTORNEYS' FEES AGAINST PLAINTIFF**

---

The Court granted the defendants' motion for reconsideration of judgment with respect to attorneys fees in an order dated May 8, 2009, explaining that "defendants Beers/Jarvis are entitled to attorneys fees, pursuant to [C.R.S.] section 13-17-201, except for attorneys fees attributed to the federal claims, which are governed by federal law that preempts section 13-17-201." (Doc. 341 at 7.)  The Court, however, rejected the defendants' request for attorneys' fees because "relying on the motion and the accompanying affidavits of Mr. Mitchell and Mr. Grant, [it was] unable to find that this calculation of attorneys' fees is a reasonable estimate of the fees incurred in defending against the state tort claims."  (Id.)  The Judgment was subsequently amended to provide that the

Beers/Jarvis defendants "are entitled to their attorneys' fees incurred in defending against the state law claims," and the defendants were provided an opportunity to re-file their request for attorneys' fees. (Docs. 341, 342.)

Beers/Jarvis's Amended Motion for Award of Attorneys' Fees Against Plaintiff (doc. 343) followed, to which Plaintiff General Steel Domestic Sales, LLC ("General Steel") responded. The Beers/Jarvis defendants' motion is now appropriately before the Court.

As the Court explained in its previous order, "[i]n order to recover attorneys' fees incurred in defending against the state law claims, the Beers/Jarvis Defendants must account for the exact time spent in defending against these state law claims, or a fair estimate of it." (Doc. 341 at 8.)

In their amended attorneys' fees motions, the Beers/Jarvis Defendants request "attorney's fees in the amount of $3,307.50" based upon their attorney Paul Grant's affidavit. The majority of this figure is composed of time spent researching, drafting, and orally arguing the motion to dismiss. As to the total time spent related to the motion to dismiss, the Beers/Jarvis Defendants claim fifty percent of this time "definitely was spent on defending the state law claims," totaling $2,790.00 (Doc. 343, attachment #2 at 2.) The rest of the request includes "time spent on general case issues that related to or impacted all of the claims . . . including the state law claims," which the Beers/Jarvis Defendants claim "be apportioned equally to all of the claims." And because three of the eight claims asserted against them were state law claims, a recovery of

thirty-seven and one-half percent of such time, totaling $517.50 is appropriate. (Id.)

Plaintiff counters that, "[l]ike the original motion [], the Amended Motion continues to be based upon guesstimates and speculation." (Doc. 344 at1.) The Court agrees. As to the time spent on the motion to dismiss, neither Grant's affidavit nor his billing records document the time spent on the state law claims; instead, his figure is based only on his guess that half of his time was spent on the state law claims. This is an insufficient basis to establish a "fair estimate" of his time spent defending against the state law claims. Additionally, as to the time spent on general tasks, Grant has failed to establish that any of this time was spent specifically on the state law claims. When this action commenced it only consisted of federal law claims and, even after the state law claims were appended, the overwhelming thrust of the action and argument continued to be the federal law claims.

Plaintiff's response and objection suggests that if any attorneys' fees are awarded, they should not exceed $1,336.00, and Plaintiff suggests a calculation by which that figure might reasonably be derived. The Court will accept Plaintiff's suggested calculation.

Therefore, for the foregoing reasons, the Court GRANTS the Beers/Jarvis Defendants' Motion for Award of Attorneys' Fees Against Plaintiff (doc. 343) and ORDERS Plaintiff to pay the Beers/Jarvis Defendants $1,336.00 in attorneys' fees.

DATED THIS 11th day of August, 2009.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
U.S. Circuit Court Judge